IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
MARCH 19, 2003 Session

## ETHAN JAMES RIDER, a minor by next friend and mother, ANNE LEE RIDER v. LAURIE LYNN RIDER

### Direct Appeal from the Chancery Court for Williamson County
#### No. 28142      Russ Heldman, Chancellor

_____

### No. M2002-00556-COA-R3-CV - Filed October 15, 2003

_____

This appeal, from a grant of summary judgment, involves the imposition of a constructive trust on life insurance proceeds. The lower court imposed the constructive trust, for the benefit of Father's son from his first marriage, on proceeds distributed to Father's second wife. The basis for the constructive trust arose from Father's obligation, under the decree of divorce dissolving his first marriage, to maintain life insurance benefitting his minor son. For the following reasons, we reverse the ruling of the lower court.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

James Robin McKinney, Jr., Nashville, TN, for Appellant

Alan T. Fister, Brentwood, TN, for Appellee

### OPINION

### Facts and Procedural History

Steven Mark Rider ("Father") and Anna Rider ("Mother") were granted a divorce by the Fourth Circuit Court for Davidson County, Tennessee on September 28, 1999. One of the clauses in the final decree of divorce addresses the maintenance of a life insurance policy for the benefit of the couple's minor son, Ethan James Rider ("Son"). Specifically, the clause provides:

> Both parties presently carry in full force and effect a life insurance policy, with a
> benefit value in the event of either party's death of One Hundred Fifty Thousand

Dollars ($150,000). The parties hereby agree to continue said life insurance policy in full force and effect, and the premiums will be paid by each party, with the Wife being solely responsible for submitting the insurance premiums. The minor child shall be the beneficiary, with a trustee being established, until said minor child reaches age of majority or otherwise becomes emancipated.

Despite the language of this provision, no such policy was actually in existence at the time the divorce decree was entered.

Approximately two months after the divorce, Father married Laurie Lynn Rider ("Wife"), then a resident of Williamson County, Tennessee. Father subsequently relocated with Wife to Dallas, Texas, where Father worked for a radio station. Through his employer, Father obtained a $40,000 benefit value life insurance policy from Aetna Life Insurance Company ("Aetna"). Wife was listed as beneficiary on the policy. Father died in July 2001 with only the single Aetna life insurance policy in effect.

On August 2, 2001, Son obtained a temporary restraining order from the Chancery Court for Williamson County, Tennessee that prohibited Aetna from disbursing the proceeds of Father's policy to Wife. Son then obtained a temporary injunction on August 13, 2001 that made this prohibition effective until final disposition of the cause. Wife subsequently moved to dismiss the action for lack of subject matter jurisdiction. Wife maintained that the Fourth Circuit Court for Davidson County retained exclusive jurisdiction over the matter, because it involved interpretation and enforcement of the divorce decree entered by said court. The Chancery Court for Williamson County denied the motion to dismiss, noting that Wife was not a party to the divorce decree entered in Davidson County.

On September 28, 2001, Son filed a motion for summary judgment. Wife responded with a motion to dismiss for failure to state a claim upon which relief can be granted. Aetna filed its answer on November 1, 2001, asserting several affirmative defenses involving the Employee Retirement Income Security Act ("ERISA"). Son subsequently agreed to let Aetna pay the disputed proceeds into a special account in the name of Wife, to be held in trust pending resolution of the action. Aetna was then granted a voluntary non-suit. The lower court next issued a temporary injunction that prohibited Wife from withdrawing or otherwise using the proceeds of the life insurance policy. On December 3, while the motions for summary judgment and dismissal were still pending, Wife filed an amended answer incorporating many of the ERISA defenses initially used by Aetna. Finally, on February 14, 2002, the lower court ruled on the various motions submitted by both parties. The court denied Wife's motion for transfer to the Fourth Circuit Court of Davidson County, denied Wife's motion to dismiss, and granted Son's motion for summary judgment. Thereafter, Wife timely filed this appeal and raises the following issues, as we perceive them, for our review.

**Issues**

I.      Whether the lower court erred in denying Wife's motion to dismiss for lack of subject matter jurisdiction.

II.     Whether the lower court erred in granting Son's motion for summary judgment.

**Standard of Review**

The issues on appeal involve subject matter jurisdiction and summary judgment. Both issues raise only questions of law. As such, our review is *de novo* on the record before the Court, with no presumption of correctness as to the lower court's judgment. *Cowden v. Sovran Bank/ Central South*, 816 S.W.2d 741, 744 (Tenn. 1991)(citing *Hill v. City of Chattanooga*, 533 S.W.2d 311, 312 (Tenn. Ct. App. 1975)); *Northland Ins. Co. v. State of Tennessee*, 33 S.W.3d 727, 729 (Tenn. 2000).

**Law and Analysis**

In the first issue raised on appeal, Wife argues that the lower court erred in its denial of her motion to dismiss for lack of subject matter jurisdiction. Specifically, Wife contends that this action, for the enforcement of a child support provision, may only be brought in the court that originally issued said provision. In the instant case, the Fourth Circuit Court for Davidson County, Tennessee issued the relevant provision, while the Chancery Court for Williamson County, Tennessee heard the matter now on appeal.

Subject matter jurisdiction involves the nature of the cause of action and the relief sought and can only be conferred by constitutional or legislative act. *Northland Ins. Co. v. State of Tennessee*, 33 S.W.3d 727, 729 (Tenn. 2000). Tenn. Code Ann. § 16-11-103 (2002) provides that "[t]he chancery court has exclusive original jurisdiction of all cases of an equitable nature, where the debt or demand exceeds fifty dollars ($50.00), unless otherwise provided by this Code." In the present matter, Son seeks an equitable remedy, in the form of a constructive trust, that meets the statutory amount. Accordingly, the Chancery Court of Williamson County was vested with subject matter jurisdiction, absent a contrary provision in the Code.

Tenn. Code Ann. § 36-5-101(a) (2002), which deals with alimony and child support orders, constitutes such a contrary provision. It provides that

> [w]hether the marriage is dissolved absolutely, or a perpetual or temporary separation is decreed, the court may make an order and decree for the suitable support and maintenance . . . of the children . . . by either spouse or out of such spouse's property, according to the nature of the case and circumstances of the parties, *the order or decree to remain in the court's control.* (emphasis added)

It is well settled that this statute vests continuing and exclusive jurisdiction for the modification or enforcement of support orders, made pursuant to a divorce decree, with the original issuing court.[1] Further, the issuing court is not divested of this continuing jurisdiction by the death of a party. *Jarvis v. Jarvis*, 664 S.W.2d 694, 696 (Tenn. Ct. App. 1983).

The case before us falls within the ambit of Tenn. Code Ann. § 36-5-101(a). Son seeks to enforce, by way of constructive trust, a child support provision included in his parents' divorce decree. The provision states in relevant part:

> The parties presently carry in full force and effect, a life insurance policy with the benefit value in the event of either party's death of One Hundred Fifty Thousand Dollars ($150,000) . . . The minor child, Ethan Rider, shall be the beneficiary, with a trustee being established until said minor child reaches the age of majority or otherwise becomes emancipated.

This clause clearly constitutes a provision for the support of the child. Tenn. Code Ann. § 36-5-101(g) (2002) explicitly authorizes a court, in crafting child support provisions, to direct either or both parties to a divorce to maintain life insurance policies benefitting the children of the marriage. Accordingly, the life insurance provision at issue is a valid, enforceable clause of the divorce decree. Enforcement of Son's rights under the life insurance provision, therefore, depends on enforcement of the divorce decree itself. This triggers Tenn. Code Ann. § 36-5-101(a), and vests the Fourth Circuit Court of Davidson County, Tennessee with continuing and exclusive jurisdiction over the matter. As such, the lower court erred in denying Wife's motion to dismiss for lack of subject matter jurisdiction.

Son makes several arguments to the contrary, though all are ultimately without merit. First, he maintains that the gravamen of this action is to impose a constructive trust rather than to enforce a provision in the divorce decree, thereby taking Tenn. Code Ann. § 36-5-101 out of consideration. This argument, however, misapprehends the fundamental nature of a constructive trust. A constructive trust is merely a remedy used by courts to enforce substantive rights; it is not itself a substantive right. *Howell Petroleum Corp. v. Samson Resources Co.*, 903 F.2d 778, 780 (10th Cir. 1990). Son's substantive right in this case, which underlies his demand for a constructive trust, arises from the child support provision in the divorce decree. As such, the continuing and exclusive jurisdiction of the court rendering the decree is once again implicated.

---

[1] *See, e.g., Hoyle v. Wilson*, 746 S.W.2d 665, 671 (Tenn. 1988) ("The Circuit Court of Davidson County has continuing jurisdiction over custody, support, contempt and other collateral matters that may arise subsequent to a divorce decree entered in that court."); *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977) ("A court in which an action is brought and which renders a decree respecting the care, custody and support of minor children continues to have jurisdiction of such matters until the children reach majority."); *Morrissey v. Morrissey*, 377 S.W.2d 944, 945 (Tenn. 1964) ("[I]n this State, every divorce decree, wherein an order is made for the support and maintenance of the wife and children, by statute remains in the court wherein the divorce decree was granted.").

Son also maintains that there are several Tennessee cases which stand for the proposition that the court enforcing a divorce decree, by way of a constructive trust, need not be the rendering court. Each of these cases can be distinguished. Son first cites cases in which Tennessee courts enforced the child support provisions of divorce decrees issued in other states. *See generally Herrington v. Boatright*, 633 S.W.2d 781 (Tenn. Ct. App. 1982); *Goodrich v. Mass. Mut. Life Ins. Co.*, 240 S.W.2d 263 (Tenn. Ct. App. 1951). The discussion of jurisdiction in these cases, however, focuses on the Full Faith and Credit Clause of the Constitution and on principles of comity among states. There is no discussion of the statute at issue in this case, nor is there even an indication that the rendering states had similar statutes concerning the continuing jurisdiction of courts issuing divorce decrees. Son then turns to a pair of cases in which Tennessee courts imposed constructive trusts to enforce child support provisions that were issued in the State of Tennessee. *See generally Holt v. Holt*, 995 S.W.2d 68 (Tenn. 1999); *Reed v. Reed*, No. 03A01-9703-CV-00075, 1997 Tenn. App. LEXIS 520, at \*1 (Tenn. Ct. App. 1997). Although these cases involve Tennessee rendering courts, they are still not on point. This is because neither case gives any indication that the rendering court and the enforcing court are not the same; indeed, they contain no discussion of jurisdiction, whatsoever.

Next, Son looks to *Hull v. Hull*, No. 95-081, 2001 WL 483422, at \*1(Tenn. Ct. App. 2001), for support. This case involves a Tennessee rendering court and does contain some discussion of subject matter jurisdiction. However, this discussion focuses on whether the life insurance provision gives rise to a claim at all, rather than on the jurisdictional requirements of Tenn. Code Ann. § 36-5-101(a). *Id*. at \*2. We also note that there was again no indication that the rendering and enforcing courts were different. The final case relied upon by Son, *Bell v. Bell*, 896 S.W.2d 559 (Tenn. Ct. App. 1994), actually involves the imposition of a constructive trust by a Tennessee court other than the court entertaining the divorce. There is a critical factor in *Bell*, however, that differentiates it from the case before us. In *Bell*, the insured party died before the divorce itself was ever complete. *Id*. at 560. Without a final divorce decree, the continuous and exclusive jurisdiction enumerated in Tenn. Code Ann. § 36-5-101(a) was never triggered. The *Bell* decision, therefore, never addressed the jurisdictional issue presently before us. For the foregoing reasons, we find that all the authority cited by Son is inapposite, and we hold that the lower court erred in denying Wife's motion to dismiss for lack of subject matter jurisdiction.

Judgments entered by courts without subject matter jurisdiction are void. *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 2000) (citations omitted). Thus, when an appellate court finds that a lower court lacked subject matter jurisdiction, it must vacate the judgment and dismiss the case without reaching the merits of the appeal. *Id*. (citing *J.W. Kelly & Co. v. Conner*, 123 S.W. 622, 637 (1909)). Accordingly, we need not address the remaining issues raised on appeal by Wife.

**Conclusion**

We believe this is a proper case for transfer to the court having jurisdiction. We vacate the lower court's judgment and remand the case with directions that the lower court transfer the matter to the Fourth Circuit Court of Davidson County pursuant to T.C.A. § 16-1-116. The costs of this appeal are taxed to the Appellee, Ethan James Rider, by his next friend and mother, Anne Lee Rider.

_____
ALAN E. HIGHERS, JUDGE